**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JOHNNY LEWIS HUNTER, | ) | |
| # 42993-018, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No.  20-cv-148-NJR |
| | ) | |
| D. SPROUL, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Johnny Lewis Hunter, a federal prisoner incarcerated at USP Marion, filed this habeas corpus action pursuant to 28 U.S.C. § 2241.

The Petition (Doc. 1) is now before the Court for preliminary review. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

Citing *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *United States v. Elder*, 900 F.3d 491 (7th Cir. 2018), Hunter argues that his prior conviction for violating 21 U.S.C. § 846 was improperly used to enhance his statutory sentencing range under 21 U.S.C. § 841(b)(1)(A) and that § 846 was improperly considered a drug trafficking crime for purposes of 18 U.S.C. § 924(c)(1)(A) because § 846 is broader than the applicable definition of a drug trafficking crime.

Hunter pleaded guilty to a two-count Information in the Western District of Virginia.

*United States v. Hunter*, Case No. 14-cr-002-MFU ("Criminal Case"). Count 1 charged him with conspiracy to distribute 28 grams or more of a mixture and substance containing cocaine base in violation of § 846. The government filed a notice under 21 U.S.C. § 851 of intent to rely on one prior conviction for violating § 846. Criminal Case, Doc. 14. Under the version of § 841(b)(1)(B) then in effect, one prior conviction would result in a mandatory minimum sentence of 10 years imprisonment on that Count. Count 2 charged him with possession of a firearm in furtherance of a drug trafficking crime, *i.e.*, the conspiracy charged in Count 1. The Petition incorrectly states that Hunter was sentenced to 120 months' imprisonment on Count 1 and 60 months' imprisonment on Count 2. The government moved for a downward departure, and he was sentenced to 60 months' imprisonment on each count to be served consecutively. Criminal Case, Docs. 32, 34, 35.

Given the limited record and the still-developing law in this area, it is not plainly apparent that Petitioner is not entitled to habeas relief. Without commenting on the merits of Petitioner's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b), and a response shall be ordered.

Accordingly, Respondent shall answer or otherwise plead on or before **May 8, 2020**. This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

This entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3), and 28 U.S.C. § 636(c)(1), should all the parties consent to such a referral.

Finally, Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification must be done in writing and no later than 7 days after a transfer or other change in address occurs. Failure to provide notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  April 8, 2020**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**