IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHNNY LEWIS HUNTER,
#42993-018,

        Petitioner,

v.

D. SPROUL,

        Respondent.

Case No. 20-cv-148-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Johnny Lewis Hunter, a federal prisoner incarcerated at the United States Penitentiary located in Marion, Illinois ("USP Marion"), filed this habeas corpus action pursuant to 28 U.S.C. § 2241. Invoking *Mathis v. United States*, 579 U.S. 500 (2016), and *United States v. Elder*, 900 F.3d 491 (7th Cir. 2018), Hunter attempts to collaterally attack his sentence imposed in the United States District Court for the Western District of Virginia on October 23, 2014. For the reasons discussed below, the Petition for habeas corpus relief shall be denied.

### FACTUAL & PROCEDURAL BACKGROUND

In January 2014, pursuant to a plea agreement, Hunter pled guilty to conspiracy to distribute 28 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846 (Count 1), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §924(c) (Count 2). The government filed a notice under 21 U.S.C. § 851 of intent to rely on a 2001 conviction of conspiracy to distribute

narcotics in violation of 21 U.S.C. § 846. Case No. 5:14-cv-2-MFU, Doc. 14. In the plea agreement, Hunter also was advised of the enhanced sentence he faced because of his prior qualifying felony drug offense. Case No. 5:14-cv-2-MFU, Doc. 7.

In September 2014, Hunter was sentenced to a term of 60 months' imprisonment as to Count one and a consecutive 60-month term on Count 2. Case No. 5:14-cv-2-MFU, Doc. 35. Hunter appealed to the United States Court of Appeals for the Fourth Circuit, but eventually voluntarily dismissed the appeal. He never filed a motion to vacate, set aside or correct the sentence pursuant to § 2255.

## THE PETITION

Hunter now argues that "he is actually innocent of his conviction pursuant to § 924(c)." (Doc. 1, p. 3). According to Hunter, "a predicate offense's elements must match those of the generic federal offense in order for those substance to qualify as a predicate offense." (*Id*. at pp. 3-4). He argues that "[s]ection 846 punishes a greater swath of conduct than § 924(c)'s drug trafficking definition in that a criminal defendant can be found guilty of conspiring to possess listed chemical which are not controlled substances." (*Id*. at p. 4). "Thus, § 846 is indivisible [and] Hunter's § 924 conviction cannot stand in light of this revelation and he must be resentence." (*Id*.).

Additionally, Hunter relies on the Supreme Court's decision in *Mathis* to challenge his designation and sentence as a career offender. He argues that his prior federal drug conviction should not qualify as a felony drug offense because his prior conviction criminalizes a broader range of conduct. Hunter's offense carried a statutory maximum penalty of not more than 40 years without the enhancement. *See* 21 U.S.C. 841(b)(1)(B).

With the enhancement, the statutory maximum was not more than life imprisonment. *Id*. He asks this Court to vacate his sentence and remand his case back to the sentencing court for further disposition. (Doc. 1).

## LEGAL STANDARD

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are instead limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Thus, aside from the direct appeal process, a prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. A Section 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner is also normally limited to only *one* challenge of his conviction and sentence under Section 2255. He or she may not file a "second or successive" Section 2255 motion unless a panel of the appropriate court of appeals certifies that such motion contains either (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Under very limited circumstances, however, it is possible for a prisoner to challenge his federal conviction or sentence under Section 2241. Specifically, 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a

Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *see also United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002)). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." In other words, "there must be some kind of structural problem with section 2255 before section 2241 becomes available." *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

Following *Davenport*, a petitioner must meet three conditions in order to trigger the savings clause. First, the petitioner must show that he or she relies on a new statutory interpretation case rather than a constitutional case. Second, the petitioner must show that he or she relies on a decision that could not have been invoked in his or her first Section 2255 motion *and* that case must apply retroactively. Lastly, the petitioner must demonstrate that there has been a "fundamental defect" in his or her conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

ANALYSIS

I.   Waiver

"A defendant may waive his right to challenge his sentence on collateral review through a plea agreement, assuming such waiver is knowing and voluntary." *Plunkett v. Sproul*, 16 F.4th 248, 253 (7th Cir. 2021). The Seventh Circuit will "generally enforce an appellate waiver if its terms are express and unambiguous and the record shows that it was knowing and voluntary." *United States v. Bridgewater*, 995 F.3d 591, 595 (7th Cir. 2021). In determining the scope of a waiver, the Seventh Circuit "'interpret[s] the terms of the agreement according to the parties' reasonable expectations' and construe[s] any ambiguities in the light most favorable to [the petitioner]." *Dowell v. United States*, 694 F.3d 898, 902 (7th Cir. 2012) (quoting *United States v. Quintero*, 618 F.3d 746, 751 (7th Cir. 2010)).

   A. *Scope of Hunter's Waiver*

Hunter's plea agreement contained a waiver of the right to collaterally attack which included the following language:

> I waive any right I may have to collaterally attack, in any future proceeding, any order issued in this matter, unless such attack is based on ineffective assistance counsel, and agree I will not file any document which seeks to disturb and such order, unless such filing is based on ineffective assistance of counsel.

(Doc. 21, p. 2). Hunter concedes the "plea agreement possesses a broad appeal waiver . . . ." (Doc. 24, p. 15). The Court agrees, and his habeas petition falls squarely into the category of appeals that Hunter has waived.

B. *Hunter's Waiver Was Knowing and Voluntary*

Hunter challenges that the waiver was not knowing and voluntary. According to Hunter, "[i]n light of *Mathis*, and other statutory interpretation cases, it is apparent that [his] statutory maximum was erroneously enhanced." (*Id.*). In other words, "[Hunter] is assert[ing] that he could not have knowingly and voluntarily waived his right to collaterally attack his sentence under *Mathis* because he did not know the correct statutory maximum sentence when he pleaded guilty." *Plunkett*, 16 F.4th at 255. The problem is this very argument has been rejected by the Seventh Circuit. *See id.* at 256 ("per this Court's precedent, a subsequent change in the law regarding the statutory maximum sentence applicable at the time he struck his deal does not render his waiver unknowing or involuntary").

## II.    Merits

A. *Possession of a Firearm in Furtherance of a Drug Trafficking Crime*

Even if the waiver is inapplicable, *Mathis* does not apply to Hunter's conviction for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). *Mathis* concerns the method courts are to use in determining whether a prior conviction constitutes one of the violent felonies enumerated in the Armed Career Criminal Act, 18 U.S.C. § 924(e). *Mathis*, 136 S. Ct. at 2247. Hunter was sentenced under Section 924(c), not the section at issue in *Mathis*, and the reasoning of *Mathis* does not extend to Section 924(c) as there are no enumerated crimes in Section 924(c). Because Hunter makes no argument arising out of *Mathis* or any other new case of statutory construction, he cannot meet the *Davenport* requirements for bringing a Section 2241

petition. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).

    B. *Career Offender*

Additionally, under *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), Hunter cannot demonstrate the existence of a fundamental defect in his conviction or sentence that is grave enough to be deemed a miscarriage of justice, and thus he fails to satisfy the requirements of Section 2255(e)'s savings clause to bring his *Mathis* claim in a Section 2241 petition. While some errors can be raised on direct appeal, these errors cannot be raised in a collateral attack in a Section 2255 motion or a Section 2241 petition. A claim that a defendant was erroneously treated as a career offender under the advisory Sentencing Guidelines is one such claim. *Hawkins*, 706 F.3d 820, supplemented on denial of rehearing, 724 F.3d 915 (7th Cir. 2013); *see also United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) ("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for [Section] 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum").

Indeed, the Seventh Circuit reiterated that the Sentencing Guidelines have been advisory ever since the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). *Perry v. United States*, 877 F.3d 751 (7th Cir. 2017). The guidelines enhancement and sentencing range that applied to Hunter was advisory, not mandatory, because he was sentenced in 2014, well after the *Booker* decision. *See United States v. Hunter*, Case No. 5:14CR00002 (WDVA 2014) ("Criminal Case"). The guidelines sentencing range on Count 1 was 108 to 135 months, without the enhanced minimum sentence of 10 years.

Hawkins received a reduced 60-month sentence—well below the maximum 40-year (480 month) cap that would have applied if the court had disregarded his previous drug convictions.

*Hawkins* dictates that an erroneous application of the advisory guidelines does not amount to a "miscarriage of justice" (the third *Davenport* factor) so long as the sentence is within the applicable statutory limit. Hunter's sentence did not exceed the unenhanced statutory 40-year maximum. Therefore, his Petition does not meet the criteria to bring his claim within Section 2255(e)'s savings clause, even if the sentencing court was mistaken in applying the career offender enhancement (USSG § 4B1.1, § 4B1.2).

There is no meaningful way to distinguish *Hawkins* from this case. In its supplemental opinion on denial of rehearing in *Hawkins*, the Seventh Circuit summarized its holding: "an error in calculating a defendant's guidelines sentencing range does not justify postconviction relief unless the defendant had . . . been sentenced in the pre-*Booker* era, when the guidelines were mandatory rather than merely advisory." *Hawkins*, 724 F.3d at 916 (internal citations omitted). *Hawkins* remains binding precedent in this Circuit and dictates the dismissal of this action. Hunter's claimed error in the enhancement of his statutory sentencing range under 21 U.S.C. § 841 does not alter the analysis, because his ultimate sentence was within the statutory range even without the enhancement.

## DISPOSITION

For these reasons, Hunter's Petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. This action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

If Hunter wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Hunter plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Hunter does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Hunter to obtain a certificate of appealability from this disposition of his Section 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED:**   **December 30, 2022**

                                                                               */s/ Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**